985 F.2d 584
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Prince RICHARDSON, Jr., Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 92-3556.
 United States Court of Appeals, Federal Circuit.
 Dec. 17, 1992.
 
 Before RICH, CLEVENGER and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Prince Richardson, Jr. (Mr. Richardson) seeks review of the March 26, 1992 final decision of the Merit Systems Protection Board (Board), Docket No. DC07529110188-B-1, affirming the United States Postal Service's (Postal Service) decision to remove Mr. Richardson from his position as a mailhandler based on charges brought against him by the Postal Service. We affirm.
 
 DISCUSSION
 
 2
 Mr. Richardson was originally removed from his postal employee position based on charges that he was under the influence of an intoxicant while he was on duty, acting belligerently toward a supervisor, and because the removal penalty was reasonable, in view of Mr. Richardson's disciplinary history. The Administrative Judge (AJ) determined that the Postal Service, by a preponderance of the evidence, established its charges against Mr. Richardson.
 
 
 3
 The AJ heard the testimony of Mr. Richardson and several other witnesses. After hearing all the testimony, the AJ made a credibility determination adverse to Mr. Richardson. Such credibility determinations are virtually unreviewable, Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed.Cir.1986), and "will not be disturbed unless it is 'inherently improbable or discredited by undisputed fact or physical evidence.' " Carosella v. United States Postal Service, 816 F.2d 638, 641 (Fed.Cir.1987) (citation omitted).
 
 
 4
 We may set aside the Board's decision only if we find it to be (1) arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). We see no such error here and, accordingly, affirm.